MATTER OF Y—J—G—

In VISA PETITION Proceedings

VP 16–I–23207

*Decided by Board October 4, 1960*

**Preference quota status—Transfer to nonquota status—Act of September 22, 1959—Retention of parent-child relationship not affected by marriage or age of child.**

(1) Approved third preference petition which lapsed on June 2, 1959, when beneficiary "child" of resident alien petitioner attained age 21 may be revalidated *ab initio* under September 22, 1959 amendment to Immigration and Nationality Act enlarging third preference category to include unmarried sons or daughters of resident aliens.

(2) Beneficiary is also eligible for transfer of third preference status to nonquota status under section 4 or 6 of Act of September 22, 1959. Proviso in latter sections regarding retention of relationship and status is satisfied so long as the basic family relationship, which is unaffected by the age or marriage of the child, continues unchanged.

**BEFORE THE BOARD**

**DISCUSSION:** The case was certified by the District Director, Los Angeles District, to the Assistant Commissioner, Examinations, who in turn has certified his decision of April 11, 1960, that the beneficiary be considered a nonquota alien pursuant to section 6 of the Act of September 22, 1959.

The petitioner, a native and citizen of China, 49 years old, a permanent resident alien, who was admitted to the United States on May 10, 1955, in possession of a special nonquota immigrant visa issued under the Refugee Relief Act of 1953, as amended, filed a visa petition on December 10, 1957, to accord the beneficiary preference status pursuant to section 203(a)(3) of the Immigration and Nationality Act. The beneficiary is the male child of the petitioner, a native and citizen of China, born June 2, 1938. On January 31, 1958, the visa petition was approved for a third preference status under section 203(a)(3) of the Immigration and Nationality Act as the minor unmarried child of an alien lawfully admitted to the United States for permanent residence. However, the beneficiary became 21 years of age on June 2, 1959, and approval of the visa petition was automatically revoked pursuant to 8 CFR 206.1(b)(5).

The beneficiary's name was removed from the third preference quota waiting list and inserted on the waiting list of nonpreference quota immigrants chargeable to the quota for Chinese persons.

Section 2 of the Act of September 22, 1959, amended section 203 (a) (3) of the Immigration and Nationality Act so as to extend third preference eligibility to unmarried sons and daughters of permanent resident aliens. The term "sons and daughters" includes persons over 21 years of age as well as a "child" as defined in section 101(b)(1) of the Immigration and Nationality Act.[1] Accordingly, under the provisions of section 203(a)(3) of the Immigration and Nationality Act as amended by section 2 of the Act of September 22, 1959, the beneficiary, who is now over 21 years of age, is under the present law eligible for third preference quota status and approval of the petition may in any event be revalidated *ab initio* for that category.

While there is no doubt that the beneficiary is qualified for third preference status, a further question to be resolved is whether he may be considered as eligible for nonquota status under the provisions of section 4 or section 6 of the Act of September 22, 1959.

Section 4 of the amendatory Act of September 22, 1959 provides as follows:

Any alien who (1) is registered on a consular waiting list pursuant to section 203(c) of the Immigration and Nationality Act (66 Stat. 179) under a priority date earlier than December 31, 1953, and (2) is eligible for a quota immigrant status under the provisions of section 203(a)(2), (3), or (4) of such Act on the basis of a petition approved by the Attorney General prior to January 1, 1959, and the spouse and the children of such alien, shall be held to be nonquota immigrants and, if otherwise admissible under the provisions of the Immigration and Nationality Act, shall be issued nonquota immigrant visas: *Provided*, That, upon his application for an immigrant visa, and for his admission into the United States, the alien is found to have retained his relationship to the petitioner, and status, as established in the approved petition.

Section 6 of the same Act provides as follows:

Notwithstanding the provisions of sections 3 and 20 of the Refugee Relief Act of 1953, as amended, special nonquota immigrant visas may be issued to aliens eligible to enter the United States for permanent residence under all the applicable provisions of the Immigration and Nationality Act: *Provided*, That each such alien is found to be the beneficiary of a visa petition approved by the Attorney General pursuant to section 203(a)(2) and (3) and section 205 of the Immigration and Nationality Act prior to January 1, 1959, and such petition was filed by a person lawfully admitted into the United States under the provisions of the Refugee Relief Act of 1953, as amended: *Provided further*, That, upon his application for an immigrant visa, and for his admission into the United States, the alien is found to have retained his relationship to the petitioner, and status, as established in the approved petition.

---

[1] 22 CFR 42.32.

The original visa petition according the beneficiary third preference status was initially approved on January 31, 1958, and it is apparent that he satisfies the prerequisites of section 4 of the Act of September 22, 1959. In addition, it has been established that the petitioner was admitted to the United States under the provisions of the Refugee Relief Act of 1953, as amended, and the requirements of section 6 of the same Act also appear to be satisfied. The issue, however, is in the construction to be placed upon the provisos to section 4 and to section 6, containing identical language to the effect that it must be found that the alien has "retained his relationship to the petitioner, and status, as established in the approved petition." There is no controversy as to the relationship which is conceded to be established. The Service finds that the beneficiary has the requisite status in that the significant word relevant to status is "unmarried." The Assistant Commissioner in his order of April 11, 1960, traces the history of the legislative action, the final draft of section 4 changing "the unmarried son or daughter under 21 years of age" to "the children of such alien"; and section 2 of which changes section 203(a)(3) of the Immigration and Nationality Act from "children" to "unmarried sons and daughters" thereby granting adult unmarried beneficiaries the same preference as minor unmarried children.

The Department of State in a memorandum dated June 30, 1960, and in oral argument before this Board expresses the view that the proper interpretation to be placed upon the word "status" contained in the provisos to sections 4 and 6 of the Act of September 22, 1959 is that the beneficiary in order to qualify be not only unmarried but also under 21 years of age. The State Department argument cites the use of the terms "unmarried son or daughter under 21 years of age" and "minor children" in several amendments, as well as the legislative history, and contends a literal reading of the statutory language requires that the unmarried *adult* sons or daughters of aliens lawfully admitted for permanent residence cannot qualify for the benefits of section 4 or section 6 of the Act of September 22, 1959, regardless of whether they attained the age of 21 years before or after September 22, 1959.

The language contained in the proviso to sections 4 and 6 of the Act of September 22, 1959 (Public Law 86-363) is not the first instance of the use of such language. Thus, the same proviso appears in section 12 of the Act of September 11, 1957.

Any alien eligible for a quota immigrant status under the provisions of section 203(a)(1), (2), or (3) of the Immigration and Nationality Act on the basis of a petition approved by the Attorney General prior to July 1, 1957, shall be held to be a nonquota immigrant and, if otherwise admissible under the provisions of that Act, shall be issued a nonquota immigrant visa: *Provided*, That, upon his application for an immigrant visa, and for admission to

the United States, the alien is found to have retained his relationship to the petitioner, and status, as established in the approved petition.

The legislative report on the Act of September 11, 1957 [2] states that the purpose of the bill was to grant nonquota immigrant status in a limited number of cases to certain skilled specialists, alien parents of United States citizens and the spouses and children of aliens lawfully admitted for permanent residence on behalf of whom a petition for the preference status under the Immigration and Nationality Act was approved by the Attorney General prior to July 1, 1957. It appears clear from this language that the class eligible for advancing from oversubscribed first, second and third preferences into nonquota status under section 12 of the Act of September 11, 1957 was required to qualify for the first, second and third preferences as of the cutoff approval date of July 1, 1957.

Similarly, section 4 of the Act of September 22, 1959 requires the alien to have been registered on a consular waiting list under a priority date earlier than December 31, 1953, and that he be eligible for a quota immigrant status under the provisions of section 203 (a) (2), (3) or (4) of such Act on the basis of a petition approved by the Attorney General prior to January 1, 1959, in order for the alien, his spouse and children to qualify as nonquota immigrants. In connection with this section, the House legislative report to accompany H.R. 5896 [3] which later became the Act of September 22, 1959, stated that a considerable number of prospective immigrants remained registered under registration dates earlier than December 24, 1952, although preference status was made available to them under the 1952 Act; and that it was considered equitable and in accordance with the general family uniting principle of the immigration laws to enable the beneficiaries of the preference petitions filed by their relatives (within the statutory limits of consanguinity) to be reclassified into nonquota status if their names appeared on consular waiting lists under a date earlier than December 24, 1952; and that this result was achieved by section 4 of H.R. 5896. The amendment to this section included into the nonquota category the accompanying spouses and minor children of the beneficiaries of the approved preference petitions. The House Report also comments that section 6 of the bill was designed to complete the operation of the Refugee Relief Act of 1953, as amended, by permitting the entry in a nonquota status by the members of immediate families (second and third preference quotas) of those beneficiaries of the 1953 law who chose to come to the United States without their close relatives and now desire to have their families reunited.

A careful consideration of the arguments advanced by the oppos-

---

[2] Senate Report No. 1057 (85th Cong., 1st Sess.), p. 3.
[3] House Report No. 582 (86th Cong., 1st Sess.), pp. 3–4.

ing parties indicates that the difficulty arises because of an apparent confusion occasioned by the language of section 2 of the Act of September 22, 1959 changing third preference status under section 203 (a)(3) of the Immigration and Nationality Act from "children" to "unmarried sons and daughters"; and those portions of sections 4 and 6 of the Act of September 22, 1959 moving into nonquota status relative-designated preference visa petitions approved prior to January 1, 1959; and section 4 which also covered into the nonquota classification the spouse and minor children *of the beneficiary* of the previously approved second and third preference visa petition. Section 203(a)(3) as amended by section 2 of the Act of September 22, 1959 has no connection with sections 4 and 6 of the amendatory act. The beneficiaries referred to in sections 4 and 6 are the beneficiaries of old visa petitions approved prior to January 1, 1959, who retain that relationship and status. The spouse and children of such beneficiaries referred to in section 4 of the Act of September 22, 1959 are the spouse and children acquired by the beneficiary after approval of the visa petition, such approval having been prior to January 1, 1959.

A study of the language of section 12 of the Act of September 11, 1957 and of sections 4 and 6 of the Act of September 22, 1959, as well as the legislative history as set forth above, leads to the conclusion that the proviso regarding retention of relationship to the petitioner and status refers not to the beneficiary's present marital status or his age, but refers to the consanguinity which gave the alien beneficiary second, third or fourth preference status as the result of the approval of his visa petition prior to January 1, 1959.[4] Since section 4 of the Act of September 22, 1959 permits the beneficiary of the petition approved prior to January 1, 1959, and who has been on a waiting list since December 31, 1953, to bring in his accompanying wife and children, it is apparent that the marital status of the beneficiary or his minority is not involved in the words in the proviso regarding retention of relationship and status. All that is required is that the beneficiary retain the relationship which gave the beneficiary the preference status, such as a child, including a stepchild or adopted child, or a parent, including a stepparent or adoptive parent, to the petitioner at the time the visa petition was approved prior to January 1, 1959. As long as the beneficiary remains in the eligible class in which he qualified for the second or third preference prior to January 1, 1959, he complies with the pro-

---

[4] Prior to January 1, 1959, preference status under section 203(a)(2) was available to parents of citizens of the United States, such citizens being at least 21 years of age; preference under section 203(a)(3) was available for immigrants who were the spouses or the children of aliens lawfully admitted for permanent residence, and preference under section 203(a)(4) was granted to brothers, sisters, sons or daughters of citizens.

viso regarding relationship and status. If, for example, an adoption has been terminated or the marriage creating a stepchild relationship has been dissolved, such a person would no longer have the relationship which qualified him initially for the second or third preference status.

In the instant case it has been established that the beneficiary was the subject of an approved third preference quota classification under section 203(a)(3) of the Immigration and Nationality Act prior to January 1, 1959, and there has been no interruption in his relationship or status. It has also been established that the petitioner was admitted to the United States for permanent residence under the Refugee Relief Act of 1953, as amended, thereby qualifying the beneficiary under the provisions of section 6 of the Act of September 22, 1959. The beneficiary, therefore, may be approved for nonquota status either under section 4 or section 6 of the Act of September 22, 1959. The visa petition has been revalidated *ab initio*. We will approve the visa petition for nonquota status.

**ORDER:** It is ordered that the visa petition be approved for nonquota status under sections 4 and 6 of the Act of September 22, 1959.

654377—63——8